Anson GRAVES, etc., et al., Plaintiffs-
Appellants,

v.

WALTON COUNTY BOARD OF EDUCA-
TION et al., Defendants-Appellees.

No. 71–2122.

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1972.

Howard Moore, Jr., Peter E. Rind-
skopf, Atlanta, Ga., Jack Greenberg,
Norman J. Chachkin, New York City,
for plaintiffs-appellants.

William L. Preston, George J. Hearn,
III, Monroe, Ga., for defendants-appel-
lees.

Before BELL, AINSWORTH and
GODBOLD, Circuit Judges.

BY THE COURT:

This case concerns a complex series of transactions involving use of public school buildings by a private school, allegedly in furtherance of racial discrimination.[1] We have withheld decision pending disposition of petitions for rehearing and rehearing en banc in McNeal v. Tate County School District, 460 F.2d 568 (5th Cir. Sept. 17, 1971). That disposition now has been made, 460 F.2d 568 (No. 30,722, 5th Cir., June 7, 1972). It appears likely that in the interim some of the arrangements to which plaintiffs objected and which were temporary in nature have terminated.

The case must be remanded for further consideration in the light of McNeal and on a fresh record of up-to-date facts. The McNeal standards should be applied not only to any sale of property, should any occur, but also to any lease of public school property to the private school, if any lease remains in effect.

Remanded for further proceedings consistent herewith.

---

1. The private school was allowed to use public school buildings that had been ordered closed by a United States District Court desegregation decree, in exchange for use by the public schools of a building which was under lease to the private school from a private lessor. At one time the latter structure had been a public school, but prior to the desegregation decree and prior to existence of the private school it had been sold to a private purchaser as surplus property in what is acknowledged to have been a good faith sale and for proper purposes, and, after a series of mesne transactions, had been leased to the private school. By that time, as a consequence of collateral events the occurrence of which is not disputed, the Board had found itself in what is considered to be emergency and temporary need of the formerly surplus building, so it then made the exchange arrangement questioned by the plaintiffs. The sale of the surplus building and its lease by the purchaser to the private school are not questioned, only the exchange arrangement pursuant to which the private school-lessee became entitled to occupy the closed public school buildings.